IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAMON ELLIOTT                        *

Plaintiff                            *

v.                                   *       Civil Action No. PJM-17-995

U.S. DEPT OF AGRICULTURE and         *
U.S. GEN. SERVICES ADMINISTRATION
                                     *
Defendants
                                   ***

## MEMORANDUM OPINION

In response to this complaint filed pursuant to the Freedom of Information Act (FOIA), Defendants move to dismiss or for summary judgment. ECF 9. Plaintiff, an inmate confined to the United States Penitentiary in Marion, Illinois, opposes the motion. ECF 12 and 15. Defendants filed a Response in Support of the dispositive motion. ECF 13. The Court finds a hearing unnecessary to determine the matters pending before it. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendants' motion shall be granted.

### Background

Plaintiff Damon Elliott states he filed a FOIA request on October 3, 2016, with the United States Department of Agriculture (USDA), seeking:

> [A] copy of the confirmatory deed and plat map that's linked to property [located at] 3696 Sellman Road Building 22; . . . the records that establish the property is within the special maritime and territorial jurisdiction of the United States; . . . a copy of the documents that supports the real property of the parcel . . . the individual assessment records for [the property; . . . a copy of the tax records for the United States of America, lot 92, Map 18, account 01-0070326 Sellman Road; and a copy of the document(s) that confers concurrent or exclusive jurisdiction to the United States of America over [the property]; and the U.S. accepted from the State of Maryland agreement.

ECF 1-1 at p. 1. Elliott interpreted the non-response from the agency as a denial of his request and filed an appeal with the United States General Services Administration (GSA) on December 2, 2016. ECF 1-1 at p. 3.

Elliott sent another FOIA request to the USDA which was also dated October 3, 2017. ECF 2. In that request he sought:

> A copy of the notice of such acceptance document(s) ceding of jurisdiction with the Governor of the State of Maryland, and the report of the Attorney General of the United States that a perfect title/deed had been secured over the land an property of 3696 Sellman Road Building No. 22; . . . a copy of the deed, plat, and map number's (sic) that's linked to property 3696 Sellman Road Building No. 22; . . . a copy of the Tax records for this same property; . . . a copy of the individual assessments records; . . . a copy of the account number district identifier; a copy of the document(s) that supports the real property for property 3696 Sellman Road Building No. 22; and . . . all other records that establish and demonstrate ownership of this same property.

ECF 2-1 at p. 1. Elliott filed an appeal with GSA on December 2, 2016, after receiving no response to his request. *Id.* at p. 3. Elliott filed the instant lawsuit after he received no response from either agency. ECF 2.

In response to Elliott's complaint, the USDA through counsel states it never received Elliott's October 3, 2016 requests and GSA never received the FOIA appeals. Defendants explain that FOIA requests directed to the USDA are received by the Research, Education, and Economics (REE) FOIA Office by email, fax, or mail, or through internal mail when a FOIA request is misdirected. *See* ECF 9 at Ex. 1, ¶ 6, (Declaration of Stasia Hutchison). When FOIA requests are received by the REE FOIA Office, they are logged in and assigned a FOIA tracking number. *Id.* Copies of all FOIA requests received by the REE FOIA Office are maintained in either a paper and/or an electronic file under the assigned FOIA tracking number or the name of the requester. *Id.* USDA uses the "FOIAXpress" log system to track requests. *Id.* A person making a FOIA request may appeal the agency's FOIA response by writing to the Administrator

2

of the Agricultural Research Service (ARS) for the USDA, at USDA's address. *See id.*, at ¶ 7. Each FOIA appeal received by the Administrator is logged in by the agency's Controlled Correspondence Office and forwarded to the REE FOIA Office for processing. *See id.* Stasia Hutchison, the FOIA Officer for REE USDA, states under oath that she did not receive either of Elliott's October 3, 2016 FOIA Requests, nor the December 2, 2016 FOIA Appeals. *Id.* When the USDA REE FOIA Office was notified of Elliott's lawsuit regarding a non-response to his FOIA requests and appeals, Hutchison searched the FOIAXpress log system and electronic files. *Id.* at ¶ 8. She did not find any records of either his FOIA requests or his appeals. *Id.* Hutchison further avers that had her office received such requests and appeals, they would have been located in the electronic files. The REE FOIA Office is the only office that would have received and processed the requests. *Id.* Because all FOIA requests are processed by Hutchison, and because she did not find any record of Elliot's FOIA requests or the appeals, neither ARS nor USDA received the requests and appeals which are the subject of this action. *Id.*, at ¶¶ 5 & 8.

On January 31, 2017, the Assistant Secretary for Civil Rights FOIA Office received a different FOIA request from Plaintiff dated December 15, 2016, and referred it to the REE FOIA Office on February 2, 2017. *Id.* at ¶ 9 & pp. 20-21. This December 15, 2016 FOIA request differs in substance from October 3, 2016 FOIA requests. *Id.* The December 15, 2016 FOIA request seeks one category of records which Elliott also sought in his first FOIA request: all records that demonstrate that the Property "is within the special maritime and territorial jurisdiction of the United States and property belonging to the U.S. Dept [sic] of Beltsville Agriculture Research Center." ECF 9 at Ex. 1, p. 20. ARS responded to the December 15, 2016 FOIA request on February 24 and March 31, 2017. *Id.* at ¶ 9. Additionally, ARS has received from Elliott, by letter postmarked September 21, 2017, both a FOIA request and a FOIA appeal

3

also bearing the date of October 3, 2016, and December 2, 2016, respectively. ECF 9 at Ex. 1, p. 2, ¶ 10; pp. 23-27. This FOIA request and appeal was received by ARS on October 27, 2017, and seeks most of the documents previously sought in the first two FOIA requests, as well as additional documents. *See* ECF 1-1, p.1, ECF 2-1, p. 1; ECF 9 at Ex. 1, pp. 23-27. ARS was processing this new request at the time the Defendants filed their dispositive motion, November 14, 2017.

In his affidavit responding to Defendants' Motion to Dismiss or for Summary Judgment, Elliott states that Defendants admit they received his October 3, 2016 FOIA requests on October 31, 2017. ECF 12 at p. 2. He further states that they admit receiving a FOIA request dated February 2, 2017, on February 24, 2017; received his letter dated March 7, 2017, on March 31, 2017; and that he submitted another FOIA request on November 29, 2017. *Id.* at p. 1. Elliott does not offer any evidence that Defendants received his FOIA requests and appeals and did not provide a timely response to those requests based on the date they were received by the agency.

In his Motion for Extension of Time to file a response (ECF 14), Elliott states he requires additional time to file a response to Defendants' dispositive motion because he "only received it on January 24, 2018." *Id.* at p. 1. This, he asserts, despite having already filed an affidavit that responds to the dispositive motion on December 18, 2017. ECF 12. The motion shall be denied and the subsequent reply (ECF 15), which provides no further evidence or argument that advances his cause, is not considered in the context of this Memorandum Opinion as it represents an improper surreply. *See* Local Rule 105.2(a)(D. Md. 2016), *see also Chen v. Mayor & City Counsel of Baltimore, et al.*, 292 F.R.D. 288, 295 (D. Md. 2013), *aff'd,* 546 Fed. Appx. 187 (4th Cir. 2013). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve,*

268 F.Supp.2d 600, 605 (D.Md. 2003) (citations omitted), *aff'd*, 85 Fed. Appx. 960 (4th Cir. 2004). Given his previously filed affidavit responding to Defendants' motion, Elliott had the opportunity to contest the matters asserted by Defendants.

## Standard of Review

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550

5

U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

The Freedom of Information Act or "FOIA" "provides a mechanism for citizens to obtain documents from federal agencies, and grants federal district courts jurisdiction to review agency compliance with citizens' requests." *Shortall v. Baltimore Dt. U.S. Army Corps of Engineers*, No. WMN-14-3904, 2015 WL 3545259 at *3 (D. Md. June 4, 2015), quoting *Reaves v. Jewell*, Civ. No. DKC–14–2245, 2014 WL 6698717, at *3 (D. Md. Nov. 26, 2014). Subject to certain statutory exemptions not at issue here, FOIA requires that federal agencies shall "upon any request for records which reasonably describe such records . . . make the records promptly available to any person." 5 U.S.C. §522(a)(3)(A).

"[A] requester may generally seek judicial review of his FOIA request only after he has exhausted all administrative remedies," *see Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987). "The agency's failure to respond to the initial request within the initial 10-day period (plus any 10-day extension) may constitute "constructive exhaustion." *See* 5 U.S.C. § 552(a)(6)(C); *Oglesby v. Dep't of the Army*, 920 F.2d 57, 62 (D.C. Cir. 1990). "Section 552(a)(6)(C) provides that "[a]ny person making a request to any agency for records ... *shall be deemed to have exhausted* his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." *Pollack v. Dep't of Justice*, 49 F.3d 115, 118–19 (4th Cir. 1995) (Emphasis in original). "Thus, a requester who has not received a timely notice of the agency's decision, as required by 5 U.S.C. § 552(a)(6)(A)(i), may proceed immediately in court to enforce a FOIA request without exhausting any administrative remedies." *Pollack*, 49 F.3d at 119.

Where, as here, the undisputed evidence establishes that the request was not properly submitted because it was never received by the agency, judicial review of the non-response is unavailable. "In order to maintain a judicial action under FOIA, a plaintiff must first request documents from an administrative agency and if his request for documents is refused must exhaust his administrative remedies before filing a court action." *Gasparutti v. United States*, 22 F.Supp.2d 1114, 1116 (C.D. Cal. 1998). Elliott's lawsuit was filed prematurely and must be dismissed.

A separate Order follows.

July 10, 2018

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE